# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HAROLD HUNLEY,

     Petitioner,

  v.

WARDEN, MARION
CORRECTIONAL INST.,

     Respondent.

CASE NO. 2:19-CV-1915
JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a motion filed by Petitioner, a state prisoner, seeking leave to proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 3.) Petitioner will therefore be allowed to prosecute his action without prepayment of fees or costs, and judicial officers who render services in this action shall do so as if the costs had been prepaid.

Petitioner, proceeding without counsel, has also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4

allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Applying this standard, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**. In addition, Petitioner's Motion to Appoint Counsel (ECF No. 4) is **DENIED**.

## I.

Petitioner challenges the Ohio Department of Corrections' calculation of his underlying sentences imposed in the Franklin County Court of Common Pleas. Petitioner is housed in the Marion Correctional Institution, which lies within the Northern District of Ohio, see 28 U.S.C. § 115(a)(2); however, his underlying criminal convictions arose in Franklin County, and this Court therefore has jurisdiction over the case. "A state prisoner may file a § 2254 petition in 'the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him.'" *Graves v. Bradshaw*, No. 1:14-cv-2697, 2016 WL 8846557, at *5 (N.D. Ohio June 30, 2016) (citing 28 U.S.C. § 2241(d)); *see also Brock v. Warden, Ross Corr. Inst.*, No. 2:16-cv-843, 2018 WL 4442591, at *2 (S.D. Ohio Sept. 18, 2018) (same). Petitioner's claim that the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Correction ("ODRC") has miscalculated his sentence, however, does not provide him a basis for relief.

The Ohio Supreme Court rejected this claim as follows:

> {¶ 2} In 1989, Hunley pleaded guilty to robbery and was sentenced to 3 to 15 years in prison. Hunley was paroled in 1992, but later that year, he again pleaded guilty to robbery and was sentenced to 3 to 15 years in prison. He was paroled a second time in 1997.

{¶ 3} In 2008, Hunley pleaded guilty in three separate cases in the Franklin County Court of Common Pleas. In these cases, the court imposed concurrent sentences of ten months in prison for forgery and two six-year terms for robbery. The trial court also sentenced Henley to two three-year prison terms for gun specifications, to run consecutively to the other sentences.

{¶ 4} On June 17, 2015, Hunley filed a complaint for a writ of mandamus and/or procedendo in the Tenth District Court of Appeals, arguing that his maximum sentence should expire in 2019 instead of 2025 (as DRC had calculated) because his 1989 and 1992 sentences should run concurrently. The magistrate recommended denying the writ, concluding that the two 3-to-15-year sentences were to be served consecutively. Hunley did not file objections to the magistrate's decision. The court of appeals adopted the magistrate's decision and held that DRC correctly determined that because the trial court's 1992 judgment entry is silent on the issue, it is presumed that the 1989 and 1992 sentences are consecutive.

Legal Analysis

{¶ 5} Pursuant to Civ. R. 53(D)(3)(b)(iv), we review the record for plain error because Hunley failed to file written objections to the magistrate's decision and thus waived any challenge to the court of appeals' adoption of the magistrate's findings of fact and conclusions of law. *State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3.

{¶ 6} To be entitled to a writ of mandamus, Hunley was required to prove (1) a clear legal right to the requested relief, (2) a clear legal duty on DRC's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 7} In support of his first proposition of law, Hunley claims that DRC altered the trial court's 1992 judgment entry by determining that that sentence was to run consecutively to his 1989 sentence, even though the judgment entry is silent as to whether the sentences were consecutive or concurrent. Hunley is subject to the sentencing schemes in effect at the time each of his offenses was committed. *See, e.g., State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496, ¶ 9; *State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 121. The version of R.C. 2929.41(B)(3) that was in effect in 1992 stated that "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment * * * [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee." Former R.C. 2929.41(B)(3), Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1307, 1438.

{¶ 8} Because Hunley was on parole when he reoffended in 1992, his sentences ran consecutively by operation of statute, even though the 1992 judgment entry is silent

on that issue. *State ex rel. Smith v. Schweitzer*, 153 Ohio St.3d 232, 2018-Ohio-2396, 103 N.E.3d 816, ¶ 7. Hunley's argument therefore lacks merit.

{¶ 9} As his second proposition of law, Hunley maintains that the court of appeals violated his due-process rights when it affirmed DRC's alleged altering of the trial court's 1992 judgment entry. As stated above, however, the court of appeals did not err in concluding that former R.C. 2929.41(B)(3) required consecutive sentences. We affirm the court of appeals' denial of Hunley's request for a writ of mandamus.

{¶ 10} Finally, Hunley also seeks a writ of procedendo, but a writ of procedendo is appropriate when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment, *e.g., State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996), and DRC is not a court.

Judgment affirmed.

*State ex rel. Hunley v. Dep't of Rehab. and Corr.*, No. 2018-0972, -- N.E.3d --, 2019 WL 1273703 (Ohio Mar. 20, 2019).

## II.

As a threshold matter, Petitioner appears to have waived his claim for review in this Court based on his failure to object and the Ohio Supreme Court's review of his claim for plain error only. *See, e.g., Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423-24 (6th Cir. 2003). Regardless, because Petitioner's claim plainly lacks merit, this Court declines to address the issue of procedural default. *See Baker v. Barrett*, 16 F.Supp.3d 815, 825-26 (E.D. Mich. Apr. 22, 2014) (procedural default is not jurisdictional, and judicial economy sometimes dictates reaching the merits of the claim) (citing *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir.1999); *Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997); *Walters v. Maass*, 45 F.3d 1355, 1360 n. 6 (9th Cir. 1995)).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a

4

perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Moreover, "'federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.'" *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.

### III.

Petitioner's claim that his sentences should run concurrently rather than consecutively involves the interpretation of state law such that it does not provide him a basis for relief under § 2254. *See, e.g., Turner v. Ohio Bureau of Prisons*, No. 2:18-cv-484, 2018 WL 3619655, at *2 (S.D. Ohio July 30, 2018) (the computation of a prisoner's term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254) (citing *Haskell v. Berghuis*, 511 F. App'x 538, 551 (6th Cir. 2013); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)). "[W]hile incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation, 'the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.'" *Johnson v. LaRose*, No. 4:18-cv-1026, 2018 WL 3742707, at *2 (N.D. Ohio Aug. 7, 2018) (citing *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003)).

> [A] state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only. *Howard v. White*, 76 F. App'x 52, unpublished, 2003 WL 22146139, at *2 (6th Cir. 2003) (citations omitted). The computation of a prisoner's term involves a matter of state law that is not cognizable in § 2254 proceedings. *Haskell v. Berghuis*, 2013 WL 163965, at *11 (citing *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

5

*Powers v. Warden, London Corr. Inst.*, No. 2:13-cv-1179, 2015 WL 46136, at *4 (S.D. Ohio Jan. 2, 2015). Here, the Ohio Supreme Court has determined that, under the provision of O.R.C. § 2929.41(B), Ohio law requires that his sentences be served consecutively to each other. "State and federal courts have the power to impose consecutive sentences for multiple offenses, and the Supreme Court has called the practice of giving trial judges 'unfettered discretion' to determine whether sentences for discrete offenses shall be served consecutively or concurrently a common-law tradition." *Id.* (citing *Oregon v. Ice*, 555 U.S. 160, 163 (2009)). The imposition of consecutive terms of incarceration does not violate clearly established federal law or make the state-court proceedings fundamentally unfair. *Id.*

### IV.

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**. In addition, Petitioner's Motion to Appoint Counsel (ECF No. 4) is **DENIED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE